Josephine Linker Hart, Justice, dissenting. I respectfully dissent. The issue regarding Mr. Dennis’s desire to represent himself is not whether he preserved his -argument by raising it to the circuit court, because he unquestionably did so, numerous times. Likewise, the issue is not whether Mr. Dennis obtained an unequivocal ruling on his numerous requests to represent himself, because he unquestionably was unable to do so. The sole issue is whether the circuit court went so far in thwarting Mr. Dennis’s desire to represent himself as to deny him his constitutional right to do so. I contend that the answer is yes. In Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (footnotes omitted) (citations omitted), the Supreme Court stated, When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must ‘knowingly and intelligently’ forgo those relinquished benefits. Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self- | ^representation, so that the record will establish that ‘he knows what he is doing and his choice is made with eyes open. Here, weeks before trial, Faretta clearly and unequivocally declared to the trial judge that he wanted to represent himself and did not want counsel. The record affirmatively shows that Faretta was literate, competent, and understanding, and that he was voluntarily exercising his informed free will. The trial judge had warned Far-etta that he thought it was a mistake not to accept the assistance of counsel, and that Faretta would be required to follow all the ‘ground rules’ of trial procedure. We need make no assessment of how well or poorly Faretta had mastered the intricacies of the hearsay rule and the California code provisions that govern challenges of potential jurors on voir dire. For his technical legal knowledge, as such, was not relevant to an assessment of his knowing exercise of the right to defend himself. In forcing Faretta, under these circumstances, to accept against his will a state-appointed public defender, the California courts deprived him of his constitutional right to conduct his own defense'. Accordingly, the judgment before us is vacated, and the case is remanded for further proceedings not inconsistent with this opinion. Here, Mr. Dennis clearly indicated that he wanted to take over his capital-murder trial. The circuit court, however, went beyond making sure that Mr. Dennis was well informed about the consequences of forgoing assistance of counsel. In my view, he coerced Mr. Dennis into backing down and accepting a public defender. Obviously, appointed trial counsel will likely raise more of the issues that are available to be raised in a capital-murder case. However, I question whether it is giving a defendant |1sdue process or just process—making it more unlikely that the case will be reversed on appeal because some procedural point was missed. Lost somewhere is the fundamental truth that it was Mr. Dennis’s trial, and it was his right to decide how it was to be conducted. I would reverse and remand this case to the circuit court.